UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62091-SMITH

CEDRIC CUNNINGHAM,

    Plaintiff,

vs.

LAUDERHILL POLICE DEPARTMENT,

    Defendant.
_____/

## ORDER DENYING APPLICATION TO PROCEED *IN FORMA* PAUPERIS AND DISMISSING CASE

THIS CAUSE is before the Court on the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3]. Plaintiff's single page Complaint states that it is an action for premeditated assault and official misconduct and that it is brought under "official misconduct premediated [sic], conspiracy to coercion, U.S. Code § 1519, hate crime, cruel and unusual punishment." An attached untitled document and "Summons" attempt to set out the supporting facts.

Because Plaintiff seeks to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter. Pursuant to that statute, "the court shall dismiss the case at any time if the court determines that . . . (A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although *pro se*

pleadings are held to a less stringent standard and construed liberally, *see Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff's Complaint, even when read in conjunction with the attached untitled document and "Summons," fails to state a claim under the relaxed pleading standard afforded to *pro se* litigants. Further, even construing the Complaint most liberally, the pleading is deficient under Federal Rule of Civil Procedure 8(a). *See Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[T]he *pro se* litigant must still meet minimal pleading standards."). Specifically, the Complaint does not contain any causes of action, does not allege the basis for the Court's jurisdiction, and does not request any relief or state a basis for Plaintiff's entitlement to relief. Further, the only named Defendant is the Lauderhill Police Department. Yet, the Complaint, including the untitled document and "Summons," makes allegations about the FBI, the U.S. Marshals, and "law officials." It is not clear what allegations, if any, are directed at the Lauderhill Police Department. Consequently, it is

ORDERED THAT:

1. Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice.**

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] is **DENIED as moot.**

**DONE AND ORDERED** in Fort Lauderdale, Florida this 23 day of August, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record